# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE IRAHETA,<br>   *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | SA-20-CV-00003-XR |
| THURMAN & PHILLIPS, P.C., FOX GROVE, (SAN ANTONIO HOMEOWNERS' ASSOCIATION, INC.); MICHAEL B. THURMAN, JENNIFER NUTT, SPECTRUM ASSOCIATION MANAGEMENT, L.P., SPECTRUM ASSOCIATION MANAGEMENT INC., NATALIE PURCELL, COLBY JACKSON, MARIA ROBINSON, JOHN DOE (1 THRU 40),<br>   *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER

On this date, the Court considered the status of this case and the pending motions—Plaintiff's motion (ECF No. 101) and amended motion (ECF No. 126) for leave to file a second amended complaint; Defendants Spectrum Association Management, L.P. and Spectrum Association Management, Inc.'s motion for judgment on the pleadings (ECF No. 92) and motion for summary judgment (ECF No. 119); two motions to dismiss by various defendants (ECF Nos. 120, 121); and Defendants' motion for protective order (ECF No. 124). After careful consideration, the Court issues the following order.

## BACKGROUND

This case has an impressively long and complicated background for what is, at bottom, a low-dollar dispute between a homeowner and his homeowners' association. Plaintiff Jose Iraheta ("Plaintiff") owns real property in San Antonio, Texas (the "Nugget Peak property"), which he

purchased in December 2012. ECF No. 11 ¶ 16. The Nugget Peak property is located in a subdivision governed by Fox Grove. *Id.* ¶ 17. As such, the property is subject to certain deed restrictions. Fox Grove contracts with a third-party management company, Defendants Spectrum Association Management LP and Spectrum Association Management Inc. (collectively, "Spectrum"), to perform management functions of the subdivision.[1] *Id.* ¶ 19.

Between May 2016 and August 2017, Fox Grove and/or Spectrum sent Plaintiff at least eight written notices of violations of Fox Grove's covenants and restrictions related to weeds in Plaintiff's yard and the location of his garbage containers. *Id.* ¶ 23. From February 2016 through March 2019, Fox Grove and/or Spectrum sent correspondence to Plaintiff at least fourteen times demanding payments of fees. *Id.* As of March 2019, the total due was $876.45. *Id.* After that, it appears Fox Grove and/or Spectrum hired an outside firm[2] to attempt to collect from Plaintiff, which sent correspondence to Plaintiff on April 23, 2019 and July 1, 2019. *Id.* The collections letters demanded payment of past due assessments, late fees, interest, and fines and threatened to "continue with collection remedies . . . including foreclosure of the lien by [Fox Grove]." *Id.*

Plaintiff, proceeding *pro se*, initiated this suit on January 3, 2020 against Fox Grove and various of its "agents," including Spectrum Association Management, L.P., Thurman & Phillips, P.C., Michael B. Thurman, Jennifer Nutt,[3] and John Doe 1 through 5. ECF No. 1 at 1. In his live pleading, his First Amended Complaint (ECF No. 11), Plaintiff also named Spectrum Association

---

[1] Plaintiff alleges that before 2012, Fox Grove contracted with a different management company, but sometime in 2012 changed companies and began to contract with Spectrum. ECF No. 11 ¶ 20.

[2] Defendants Thurman & Phillips, P.C. (a law firm) and Michael B. Thurman (a lawyer with the firm) (collectively, "Thurman Defendants") are named as defendants in Plaintiff's First Amended Complaint. However, after mediation before United States Magistrate Judge Chestney, Plaintiff and the Thurman Defendants settled their dispute. ECF No. 117. Plaintiff and the Thurman Defendants have previously been ordered to submit a stipulation of dismissal or agreed judgment no later than August 24, 2020. ECF No. 125.

[3] Defendant Jennifer Nutt was employed by Fox Grove as an "escalated account coordinator." ECF No. 11 ¶ 206.

Management, Inc., Natalie Purcell, Colby Jackson, Maria Robinson, and John Doe 1 through 40 as defendants.[4]

Plaintiff complains that "arbitrary fees" are now charged by Spectrum that weren't charged by Fox Grove's prior management company. *Id.* ¶ 19. Plaintiff alleges vast conspiracies between Fox Grove and Spectrum, and schemes between Spectrum and other homeowners' associations, to assess these inflated penalties and fees, which are "excessive, and unconstitutional or unthinkable" and "not part of the operating fund for the benefit of the property owners in the Fox Grove subdivision." *Id.* ¶ 21. Plaintiff also alleges none of the Defendants are authorized to collect debts in the State of Texas. *Id.* ¶ 24.

Plaintiff brings claims for violations of the federal Fair Debt Collection Practice Act ("FDCPA"), the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and fifteen other causes of action for violations of Florida, Louisiana, and Texas laws, fraud, conspiracy, unjust enrichment, tortious interference with contract, breach of contract, breach of fiduciary duties, negligent misrepresentation, negligence, gross negligence, and defamation.

Spectrum has moved for judgment on the pleadings for Plaintiff's RICO claim and for summary judgment on Plaintiff's FDCPA and related Texas law claims. ECF Nos. 92, 119. At a status conference held in this case on April 27, 2020, the Court noted that if Plaintiff's RICO and FDCPA claims were dismissed, the Court would lack jurisdiction over the remaining claims arising under state law. The next day, Plaintiff moved for leave to file a second amended complaint to "cure defects" in his first amended complaint, add claims against several defendants for tortious

---

[4] Defendants Natalie Purcell, Colby Jackson, and Maria Robinson all appear to be employees or agents of Spectrum. Plaintiff alleges that John Does 1 through 9 "are unknown persons whose actions were directly involved in the claims Plaintiff complaints [sic] of herein," and that John Does 10 through 30 "are unknown persons who between January 1, 2016 and the present, are current and/or former members of" Fox Grove's Board of Directors. ECF No. 11 ¶¶ 11–12.

interference with Plaintiff's contract with Caliber Home Loans, and add claims against several defendants for fraudulent and improper lien in violation of Texas law. ECF No. 101. In his proposed second amended complaint, Plaintiff alleges for the first time that this Court has diversity jurisdiction. ECF No. 101-1. Plaintiff recently filed an amended motion for leave to file a second amended complaint, which seeks to add even more state law claims and declaratory and injunctive relief to invalidate the managing agreement between Fox Grove and Spectrum. ECF No. 126. Various John Doe Defendants who are current or former Fox Grove board members have moved to dismiss Plaintiff's complaint against them for failure to state a claim. ECF No. 121. Other unknown John Does, represented by counsel for Spectrum, have similarly moved to dismiss Plaintiff's complaint against them. ECF No. 120.

## DISCUSSION

### I. Legal Standards

#### a. Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment on the pleadings is only appropriate when "the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2009). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

Dismissal is appropriate under Rule 12(b)(6) where a party fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff's

complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the complaint does not need to contain detailed factual allegations, it must contain enough factual allegations to "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. The plaintiff has an obligation to present more than labels, conclusions, and formulaic recitations of the elements to avoid dismissal. *Id.* In considering a Rule 12(b)(6) motion, a court must accept the factual allegations in the complaint and take them in the light most favorable to the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Commc'ns. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

      b. <u>Summary Judgment</u>

Federal Rule of Civil Procedure 56 provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, demonstrate that the evidence in the record is insufficient to support an essential element of the

non-movant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 323). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and designate competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams*, 465 F.3d at 164; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986).

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Mere conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, and hearsay evidence (unless within a recognized exception) are not competent summary judgment evidence. *Walker v. SBC Servs., Inc.*, 375 F. Supp. 2d 524, 535 (N.D. Tex. 2005) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995)). A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, and must review all facts in the light most favorable to the non-moving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson v. Liberty Lobby*, 477 U.S. 242, 254–55 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**II.   Analysis**

    a. <u>Plaintiff's RICO claims fails under Rule 12(c) because he has not pled RICO conduct.</u>

Plaintiff alleges that Spectrum[5] "formed a RICO 'enterprise'" and "an association in fact for a common purpose of financial gain, and/or profit" through their collection actions, and

---

[5] In Plaintiff's first amended complaint, he alleges the "Conspiracy Defendants," defined as the Spectrum and Thurman Defendants "and their agents and co-conspirators," "formed a RICO 'enterprise'…" ECF No. 11 ¶ 104. As

6

"through a pattern of racketeering" committed violations of 18 U.S.C. §§ 1962(b), (c), and (d). ECF No. 11 ¶¶ 104–105, 110–113. Plaintiff alleges that Spectrum "committed overt acts" of extortion under the Hobbs Act, mail fraud, and wire fraud. *Id.* ¶ 114. The alleged extortion included "threats of additional fees, foreclosure, lien, and litigation against Plaintiff in order to coerce Plaintiff to pay the fraudulent, illegal, and improper amounts" Plaintiff allegedly owed. *Id.* ¶ 115. The alleged wire fraud includes accepting payments collected from homeowners' association residents, transmitting information regarding fees that are "fraudulent" and "illegal," and using the U.S. Postal Service to send correspondence to obtain payment for penalties and fees "wrongfully, and unlawfully, assessed against" Plaintiff. *Id.* ¶¶ 116–121. The alleged mail fraud includes correspondence sent by U.S. Postal Service to Plaintiff regarding his violations of Fox Grove's covenants and restrictions and demanding payments. *Id.* ¶ 122.

Spectrum moves for judgment on the pleadings pursuant to Rule 12(c). ECF No. 92. According to Spectrum, Plaintiff alleges RICO violations under Sections 1962(b), (c), and (d), but he fails to allege any facts to support actionable violations under those sections. *Id.* In response, Plaintiff concedes he has not plead an actionable violation of Section 1962(b). ECF No. 111 at 3. However, Plaintiff insists he has alleged valid causes of action for violations of Section 1962(c) and (d).

"In order to state a claim under 18 U.S.C. § 1962, a plaintiff must allege: 1) the conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity." *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). "This outline is deceptively simple, however, since each concept is a term of art which carries its own inherent requirements of particularity." *Id.* "Conduct" "embodies the requirements of one or more of the four substantive RICO violations set out in § 1962." *Id.*; 18

---

previously discussed, Plaintiff has settled his dispute with the Thurman Defendants, so the only RICO claim remaining is against Spectrum.

7

U.S.C. § 1962(a)–(d).[6] "The 'enterprise' element requires that the plaintiff specify the enterprise and, in the case of an association-in-fact enterprise, plead the necessary organizational characteristics." *Foufas*, 867 F.2d at 880. A "pattern" of racketeering activity requires at least two acts of racketeering activity. 18 U.S.C. § 1961(4). "'Racketeering activity' is defined by reference to various state and federal offenses"—often referred to as "predicate acts"—"each of which subsumes additional constituent elements which the plaintiff must plead." *Foufas*, 867 F.2d at 880; *see also* 18 U.S.C. 1961(1) (defining offenses that constitute "racketeering activity"). The heightened pleading standard of Federal Rule of Civil Procedure 9(b) also "applies to the pleading of fraud as a predicate act in a RICO claim." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992).

> i. *Section 1962(c)*

Section 1962(c) makes it unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). Plaintiff alleges that Spectrum violated Section 1962(c) because (1) they "gained profit or income for their benefit, to include the $544 they coerced Plaintiff into paying, and which Plaintiff did not legally owe," and (2) they "participated directly or indirectly in the conduct of the affairs of the enterprise." ECF No. 11 ¶¶ 111–112. Spectrum argues Plaintiff has failed to plead actionable conduct, an actionable enterprise, and actionable racketeering activity. ECF No. 92. at 5–9.

---

[6] Section 1962(a), (b), and (c) set forth the substantive prohibited activities, which each include as a necessary element either proof of a "pattern of racketeering activity" or "collection of an unlawful debt." Section 1962(d) makes it unlawful to conspire to commit any of the prohibited activities. 18 U.S.C. § 1962.

The Court agrees with Spectrum that Plaintiff has failed to plead a plausible Section 1962(c) claim against them. Specifically, Plaintiff has failed to plead facts to support the "conduct" element of a RICO claim—that is, that Spectrum "conduct[ed] or participate[d]…in the conduct of [a RICO] enterprise's affairs." 18 U.S.C. § 1962(c). Plaintiff claims in his response that he has satisfied the conduct element by describing Spectrum's "activities…in paragraphs 114 thru [sic] 122 of [his] Complaint, including mail fraud and wire fraud." ECF No. 111 at 4. Plaintiff confuses the "conduct" of the substantive RICO offenses with the predicate acts that make up "racketeering activity." In those paragraphs of his complaint, Plaintiff merely describe Spectrum's alleged "overt acts" of extortion, mail fraud, and wire fraud. ECF No. 111 ¶¶ 114–122. Plaintiff pleads no facts alleging that Spectrum in any way operated, managed, or directed the RICO enterprise. *See id.*; *United States v. Turkette*, 452 U.S. 576, 583 (1981) ("The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages.").

The Supreme Court has clarified that under Section 1962(c), in order for an alleged RICO perpetrator to "conduct or participate…in the conduct of" an enterprise, they must have "*some* part in directing the enterprise's affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (emphasis in original). The conduct element "requires that the defendant 'participate[d] in the operation or management of the enterprise itself.'" *In re MasterCard Int'l Inc.*, 313 F.3d 257, 261 (5th Cir. 2002) (citing *Reves*, 507 U.S. at 185). Allegations that a defendant provided important services to an enterprise, that a business relationship existed between a defendant and an alleged RICO enterprise, or that defendant presided over a debt collection action are not enough. *See In re MasterCard Int'l Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 489 (E.D. La. 2001) ("Allegations of a business relationship do not indicate that defendants took part in directing the

enterprise's affairs."), *aff'd sub nom. In re MasterCard Int'l Inc.*, 313 F.3d 257 (5th Cir. 2002); *Rolfes v. MBNA Am. Bank N.A.*, 416 F. Supp. 2d 745, 752 (D.S.D. 2005) ("[F]urnishing a client with ordinary professional assistance, even when the client happens to be a RICO enterprise, will not normally rise to the level of participation sufficient to satisfy the Supreme Court's pronouncements in *Reves*.") (citing *Handeen v. Lemaire*, 112 F.3d 1339, 1348 (8th Cir. 1997)), *aff'd*, 219 F. App'x 613 (8th Cir. 2007); *see also Hansen v. Ticket Track, Inc.*, 280 F. Supp. 2d 1196, 1205 (W.D. Wash. 2003) ("Plaintiffs must go beyond simply pleading a conspiracy and demonstrate a structure to the defendants' collusion beyond and separate from the illegal racketeering activities.").

Here, Plaintiff has alleged, at most, that Spectrum conspired with Fox Grove and committed overt acts resulting in Plaintiff paying $544 for debts he claims he did not legally owe. *See* ECF No. 11 ¶¶ 21, 22, 115. There are no specific facts alleging that Spectrum in any way directed, operated, or managed the RICO enterprise. "Nowhere is there an allegation that [Spectrum] exercised actual control over the enterprise." *In re MasterCard Int'l Inc., Internet Gambling Litig.*, 132 F. Supp. 2d at 488 (E.D. La. 2001) (dismissing complaint for failure to allege conduct element). Indeed, the facts Plaintiff does allege tend to show that Spectrum did not have a role in the alleged enterprise's direction or decision-making: Plaintiff claims that Fox Grove contracted with Spectrum to perform management functions of the subdivision. ECF No. 11 ¶¶ 19, 20. This type of agency relationship does not support an inference that Spectrum had any "part in directing the enterprise's affairs." *Reves*, 507 U.S. at 179. Plaintiff's conclusory allegation that Spectrum "conducted, or participated directly or indirectly in the conduct of the affairs of the enterprise" is nothing more than a formulaic recitation of the elements, and that is not enough. ECF No. 11 ¶ 112; *see Twombly*, 550 U.S. at 555. Because Plaintiff has failed to plead a required

element for a Section 1962(c) violation—prohibited RICO conduct—Spectrum is entitled to judgment on the pleadings as to this claim. The Court need not examine the parties' arguments regarding the enterprise and racketeering activity elements. *See In re MasterCard Int'l Inc.*, 313 F.3d at 261 (affirming dismissal based on conclusion that plaintiffs failed to plead one element of Section 1962(c) violation; "this conclusion, alone, is dispositive, we need not consider whether the Plaintiffs sufficiently alleged the other elements.").

### ii. *Section 1962(d)*

Section 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c)" of Section 1962. 18 U.S.C. § 1962(d). The Fifth Circuit has stated that "[i]n order to demonstrate a RICO conspiracy under § 1962(d), [a plaintiff] must demonstrate '(1) that two or more people agreed to commit a substantive RICO offense and (2) that [the defendant] knew of and agreed to the overall objective of the RICO offense.'" *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010) (citing *United States v. Sharpe*, 193 F.3d 852, 869 (5th Cir. 1999)). "A conspirator must at least know of the conspiracy and 'adopt the goal of furthering or facilitating the criminal endeavor.'" *Chaney*, 595 F.3d at 239 (citing *Salinas v. United States*, 522 U.S. 52, 65 (1997)).

Spectrum argues that Plaintiff "does not allege that Spectrum knowingly agreed to further the enterprises [sic] affairs through committing substantive RICO offenses," and that because Plaintiff "has not alleged an actionable RICO offenses [sic]…there can be no RICO conspiracy." ECF No. 92 at 10. Plaintiff acknowledges that "a subsection (d) claim is dependent on the subsection (c)." ECF No. 111 at 8 (citing *Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d 631, 643 (S.D. Tex. 2016)). Because, as discussed above, Plaintiff fails to allege an actionable Section 1962(c) claim, his conspiracy claim under Section 1962(d) also fails as a matter of law.

b. <u>Plaintiff's FDCPA claims fail as a matter of law because Spectrum is not a "debt collector" under the statute.</u>

Plaintiff alleges that Spectrum[7] committed multiple violations of the FDCPA. ECF No. 11 ¶ 26 (citing 15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692f(1), 1692f(8), 1692g, 1692g(b), 1692h, and 1692j(a)).

Spectrum argues they are entitled to summary judgment on Plaintiff's FDCPA claim because Spectrum is not a debt collector within the meaning of the statute. ECF No. 119 at 4. According to Spectrum, the Fifth Circuit held in *Raburn* that property management companies (such as Spectrum) are not debt collectors because of their fiduciary obligations to the homeowners' association. *Id.* at 5. Plaintiff responds that Spectrum has failed to show it is the management company for Fox Grove, because the managing agreement lists "Spectrum Association Management of Texas, LLC" as the managing agent not Spectrum Association Management, L.P. or Spectrum Association Management, Inc. ECF No. 122 ¶ 5.

> The FDCPA only applies to "debt collectors" as defined by the statute:
> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). "The term does not include…any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity…is incidental to a bona fide fiduciary obligation." 15 U.S.C. § 1692a(6)(F).

In *Raburn*, the Fifth Circuit affirmed the district court's grant of summary judgment in favor of a property management company in a similar FDCPA case. *Raburn v. Cmty. Mgmt., L.L.C.*, 761 F. App'x 263, 268 (5th Cir. 2019). There, the plaintiff (a member of a homeowner's

---

[7] Plaintiff brings his FDCPA claim against the "FDCPA Defendants," defined as Spectrum and the Thurman Defendants. ECF No. 11 ¶¶ 24, 26. As previously discussed, Plaintiff has settled his dispute with the Thurman Defendants, so the only FDCPA claim remaining is against Spectrum.

12

association) sued the property management company that managed the homeowner's association. *Id.* at 264. Plaintiff alleged that the company violated the FDCPA by sending him a letter advising him of debt he owed after refusing to pay monthly assessments to the homeowner's association. *Id.* The district court granted summary judgment in favor of the company, holding the FDCPA was not applicable because the company was not a debt collector within the meaning of the statute. *Id.* at 265. The Fifth Circuit agreed. Applying Louisiana law, the Court found that the management company had a fiduciary obligation to collect past due assessments, and that the collection of plaintiff's debt was incidental to that fiduciary obligation. *Id.* at 266–67. Therefore, under Section 1692a(6)(F)'s exclusion, the management company was not a "debt collector" and the FDCPA was not applicable to it.

Here, Spectrum has established that its collection of (or attempts to collect) Plaintiff's debts was "incidental to a bona fide fiduciary obligation." 15 U.S.C. § 1692a(6)(F). Under Texas law, "[w]hether a fiduciary duty exists is a question of law." *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005). An agent owes a fiduciary duty to its principal. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002). "[C]ourts take all aspects of the relationship into consideration when determining the nature of fiduciary duties flowing between the parties" in an agency relationship, including "the nature and purpose of the relationship" and "agreements between the agent and principal." *Nat'l Plan Adm'rs, Inc. v. Nat'l Health Ins. Co.*, 235 S.W.3d 695, 700 (Tex. 2007).

The undisputed evidence demonstrates that Spectrum was an agent of Fox Grove. According to Plaintiff's own allegations, which Spectrum admitted, Fox Grove hired Spectrum in 2012 to perform management functions of the subdivision. ECF No. 11 ¶¶ 19, 20; ECF No. 43 ¶¶ 19, 20; *see also Celotex*, 477 U.S. at 324 ("admissions on file" are competent summary judgment

13

evidence). Spectrum submitted the affidavit of Samantha Thomas, "an employee of Spectrum Association Management" and the "managing agent" for the Fox Grove account, attesting that Spectrum "has been the management company for, and therefore the agent of [Fox Grove] since 2014." ECF No. 119-1 at 1. "Spectrum Association Management, LP" is listed as the managing agent for Fox Grove in Fox Grove's Management Certificate. ECF No. 119-1 at 3–5. That same Certificate is signed by "Kathleen S. Able (of Spectrum Association Management) Managing Agent." *Id.* at 5. Fox Grove's Collection Policy provides that certain fees imposed on delinquent accounts are to be paid to Spectrum. ECF No. 119-1 at 22. And the Association Management Agreement between Fox Grove and Spectrum clearly delineates Spectrum's management duties to be performed on behalf of Fox Grove. ECF No. 119-1 at 56–63. The Association Management Agreement was signed by Chade Nelson on behalf of Spectrum, who is also the agent for both Spectrum Association Management, L.P. and Spectrum Association Management, Inc. *See* ECF No. 11 ¶¶ 3–4; ECF No. 43 ¶¶ 3–4.

Confusingly, Plaintiff rests his complaint against the Spectrum Defendants on his allegation that Fox Grove contracted with Spectrum to perform management duties for the homeowner's association; yet in his response to Spectrum's motion for summary judgment, he claims without evidence that Spectrum is "not Fox Grove HOA's management company, and they do not have any fiduciary-duty relationship with Fox Grove HOA." ECF No. 122 at 4. These conclusory allegations and unsubstantiated assertions are insufficient to defeat a motion for summary judgment. *Walker*, 375 F. Supp. 2d at 535. Taking "all aspects of the relationship into consideration," the Court finds Spectrum is Fox Grove's agent and its collection of Plaintiff's debt was incidental to its fiduciary obligations to Fox Grove as its management company. Therefore,

neither of the Spectrum Defendants is a "debt collector" under the FDCPA. 15 U.S.C. § 1692a(6)(F). For this reason, Plaintiff's FDCPA claim against Spectrum fails as a matter of law.

c. The Court declines to exercise jurisdiction over Plaintiff's remaining claims.

Plaintiff's only claim to jurisdiction in this Court was based on the federal questions presented by his RICO and FDCPA claims. *See* ECF No. 11 ¶ 14. The Court, having dismissed both of Plaintiff's federal claims, declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

Plaintiff seeks leave to file a second amended complaint, which would for the first time assert jurisdiction based on diversity of citizenship. ECF Nos. 101 at 1, 126 at 1. Although "Rule 15(a) requires a trial court to 'freely give leave when justice so requires,'" the Court declines to do so in this case because such amendment would be futile to confer diversity jurisdiction. *Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018). Complete diversity of citizenship is questionable, at best, in this case.[8] But more importantly, it is clear that the amount in controversy does not meet the $75,000 threshold required for diversity jurisdiction. Plaintiff claims in his proposed second amended complaint that the "total amount at issue including statutory damages is in excess of $70,000." ECF No. 126-3 ¶ 14. However, Plaintiff admitted in open court on April 27, 2020 that his actual damages were estimated at just over $2,000. Despite asserting many causes of action sounding in state law, it is not facially apparent from Plaintiff's complaint that his claims exceed $75,000 and Plaintiff has set out no facts supporting a finding of the threshold amount in his live

---

[8] Plaintiff claims in his proposed second amended complaint that he is a citizen of Virginia. ECF No. 126-3 ¶ 14. Although Plaintiff claims he currently resides in Virginia, *id.* ¶ 1, he also indicated in open court on April 27, 2020 that he was currently residing in Louisiana due to the COVID-19 pandemic and planned to relocate to Texas and live in Houston after July or August of this year.

pleading, his proposed amended complaint, or his motion. *See Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010) ("jurisdiction will be proper if 'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above $75,000'" or "[i]f the value of the claim is not apparent" federal jurisdiction may be supported "by setting forth the facts…that support a finding of the requisite amount.")

Because the Court declines to exercise jurisdiction over Plaintiff's state law claims, Spectrum's motion for summary judgment as it relates to Plaintiff's claims under Texas law is moot. John Doe Defendants and several current and former board members of Fox Grove have filed motions to dismiss under Rule 12(b)(6). Because Plaintiff's claims against these Defendants are exclusively state law claims, over which the Court declines to exercise jurisdiction, these motions are also moot. Finally, Defendants recently filed a motion seeking protection from depositions Plaintiff seeks. Because this order dismisses all claims against those Defendants, Defendants' motion is moot.

## CONCLUSION

For the reasons stated herein, Plaintiff's RICO and FDCPA claims against Spectrum are **DISMISSED** with prejudice; Plaintiff's remaining state law claims are **DISMISSED** without prejudice for lack of jurisdiction. The Clerk is **DIRECTED** to enter judgment pursuant to Rule 58.[9]

Spectrum's motion for judgment on the pleadings (ECF No. 92) is **GRANTED**; Plaintiff's motion (ECF No. 101) and amended motion (ECF No. 126) for leave to file a second amended complaint are **DENIED**; Spectrum's motion for summary judgment (ECF No. 119) is **GRANTED**

---

[9] As noted above, *see supra* note 2, Plaintiff's claims against the Thurman Defendants have settled and the parties have been ordered to submit appropriate dismissal paperwork no later than August 24, 2020. ECF No. 125. When the appropriate dismissal paperwork is filed, this case will be ripe for closure.

**IN PART** and **DISMISSED IN PART** as moot; the motions to dismiss (ECF Nos. 120, 121) and motion for protective order (ECF No. 124) are **DISMISSED** as moot.

It is so **ORDERED**.

**SIGNED** this 18th day of August, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE